# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

WINFIELD SOLUTIONS, LLC   PLAINTIFF

v.   No. 3:17CV00329 JLH

SUCCESS GRAIN, INC.;
J. TODD BERRY; GLENNA S. LANE;
and FARM CREDIT MIDSOUTH, PCA   DEFENDANTS

## OPINION AND ORDER

Winfield Solutions, LLC, commenced this action in federal court after Farm Credit Midsouth, PCA, commenced a similar action in Arkansas state court. These actions came about after Success Grain, Inc., whose corporate officers include J. Todd Berry and Glenna S. Lane, defaulted on debt obligations to United Suppliers, Inc., a company that has now merged with Winfield, and Farm Credit. In the state court action, Farm Credit named as a defendant Winfield US Holdings, LLC, which is related to but separate from Winfield Solutions, LLC. Farm Credit has moved this Court to abstain from exercising jurisdiction, citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *id.* at 817, 96 S. Ct. at 1246, which "does not evaporate simply because there is a pending state court action involving the same subject matter." *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). A federal court will not abstain from exercising jurisdiction under *Colorado River*, unless there are "pending parallel state and federal court proceedings." *United States v. Rice*, 605 F.3d 473, 476 (8th Cir. 2010). If this threshold requirement is met, a federal court should still not abstain absent "exceptional circumstances." *Id.* at 476. Any doubt as to either step requires the federal court to exercise its jurisdiction. *Colorado River*, 424 U.S. at 819, 96 S. Ct. at 1247; *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013).

Winfield argues that Farm Credit can neither show that there are parallel proceedings nor that there are exceptional circumstances warranting abstention. Proceedings are parallel where the federal and state court actions bear a "substantial similarity," which is the case "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* If a district court is unsure whether the concurrent state and federal proceedings are parallel, it cannot refuse to exercise its jurisdiction under *Colorado River*. *Id.*

Winfield says that this action is not substantially similar to the one in state court because it has asserted additional claims. In the state action, Farm Credit brought claims for foreclosure and in replevin. Document #14-1. In this action, Winfield has raised breach-of-contract claims against Berry and Lane based on guaranties that they executed in favor of Winfield. Document #1. Although these claims likely arise out of the same "transaction or occurrence which is the subject matter" of the state action, they would only be cross-claims in the state action and, thus, would not be compulsory claims. *See* Ark. R. Civ. P. 13(f). Foreclosure claims are distinct from contract claims, and judgment on the former will not necessarily dispose of the latter. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 536 (8th Cir. 2009).

It is, therefore, not certain that the proceedings are parallel because there is not a substantial likelihood that a judgment on the state claims will fully dispose of Winfield's contract claims raised in this action. Being so, this Court cannot refuse to exercise its jurisdiction. Farm Credit's motion to abstain is DENIED. Document #14.

IT IS SO ORDERED this 28th day of February, 2018.

*J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE