# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

WINFIELD SOLUTIONS, LLC                                                                 PLAINTIFF

v.                                      No. 3:17CV00329 JLH

SUCCESS GRAIN, INC.;
J. TODD BERRY; GLENNA S. LANE;
and FARM CREDIT MIDSOUTH, PCA                                                DEFENDANTS

## OPINION AND ORDER

Success Grain, Inc., sells or sold crop seed, fertilizer, and such to farmers in Arkansas. Document #8 at ¶12. J. Todd Berry is or was Success Grain's president and Glenna S. Lane is or was its secretary and treasurer. *Id.* ¶13. Success Grain purchased "crop inputs" from United Suppliers, Inc., a company that has now merged with Winfield Solutions, LLC. *Id.* ¶15. Success Grain agreed to financing terms with United Suppliers pursuant to a credit application, and Berry and Lane each executed personal guarantees in favor of United Suppliers. *Id.* ¶¶14-17. Success Grain also granted United Suppliers two security interests: one covered assets like equipment and farm products, and the second was a purchase-money security interest that covered inventory and proceeds of the inventory. *Id.* ¶¶18-19. Winfield is United Suppliers' successor-in-interest to the financing agreement, guarantees of Berry and Lane, and two security interests. Success Grain was also indebted to Farm Credit Midsouth, PCA, and it granted Farm Credit security interests in some of the same assets in which it granted United Suppliers a security interest.

Success Grain sold its equipment at auction for a total amount of $855,775.19. Winfield commenced this suit to enforce its security interest and the guarantees executed by Berry and Lane and to claim its priority to the proceeds from the equipment sale. Farm Credit also claims priority by virtue of its security interest in the proceeds. Winfield has since conceded that it has no claim to $328,221.58 of the total proceeds—leaving $527,553.61 in dispute between Winfield and Farm

Credit. Winfield and Farm Credit have moved for summary judgment, each arguing that its claim is superior to the other's. Winfield also moves for summary judgment on its breach of contract claims against Berry and Lane.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Id*.

United Suppliers filed financing statements for its security interests with the Arkansas Secretary of State on July 18, 2007. Farm Credit filed a financing statement for its security interest on June 28, 2007. Document #1-12. The financing statement that Farm Credit filed states as follows:

> This FINANCING STATEMENT covers the following collateral:
>
> ALL GRAIN HANDLING FACILITIES AND EQUIPMENT, SCALES, CROP DRYERS, GRAIN STORAGE FACILITIES, ELEVATORS, AUGERS, CONVEYORS, POWER UNITS, FUEL STORAGE, ELECTRICAL CONTROLS AND TESTING EQUIPMENT WITH REPLACEMENTS, ADDITIONS, AND SIMILAR EQUIPMENT AND ALL GOODS THAT ARE NOW OR TO BECOME FIXTURES, NOW OWNED OR HEREAFTER ACQUIRED.
>
> ALL ACCOUNT RECEIVABLES, CONTRACT RIGHTS, DOCUMENTS, GENERAL INTANGIBLES, INVENTORY, FARM PRODUCTS, EQUIPMENT, COMMODITY INVENTORY, STORED COMMODITY INVENTORY AND PROCESSED SEED INVENTORY, ALL SEASONAL WHEAT, RICE, COTTON, CORN, MILO, AND SOYBEANS LOCATED AT PLANT FACILITIES.
>
> ALL EQUIPMENT, ALL SPARE PARTS AND SPECIAL TOOLS FOR SUCH EQUIPMENT, ALL MOTOR VEHICLES AND ALL FIXTURES NOW OWNED OR HEREAFTER ACQUIRED AND WHEREVER LOCATED.
>
> THIS FILING FILED AS AG LIEN.

*Id.* The same financing statement contained a box designating the interest as an "AG LIEN." *Id.* Farm Credit did not check this box. *Id.* On May 3, 2011, Farm Credit amended its financing statement to clarify that its interest was a security interest and not an agricultural lien. Document #1-13.

Winfield acknowledges that Success Grain signed a security agreement with Farm Credit granting Farm Credit a security interest in its equipment and other collateral, that Farm Credit gave value to Success Grain, and that Success Grain had rights in the collateral. *See* Ark. Code Ann. 4-9-203(b). Winfield further acknowledges that Farm Credit filed its financing statement first. Winfield's only claim to priority is that Farm Credit's financing statement filed on June 28, 2007, is "seriously misleading" because the financing statement says that it is filed as an agricultural lien. Winfield says that this error rendered Farm Credit's filing legally insufficient to provide notice to third-party creditors of Farm Credit's interest.

The filing of a financing statement is required for security interests in equipment to be perfected. Ark. Code Ann. § 4-9-310(a). "[A] financing statement is sufficient only if it: (1) provides the name of the debtor; (2) provides the name of the secured party or a representative of the secured party; and (3) indicates the collateral covered by the financing statement." *Id.* § 4-9-502(a). A financing statement that "substantially" satisfies these requirements "is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading." *Id.* § 4-9-506(a). Priority of competing perfected security interests in the same collateral ranks according to the time filed. *Id.* § 4-9-322(a)(1).

Winfield does not argue that Farm Credit's financing statement improperly provided the name of the debtor or the name of the secured party. The issue in dispute here is whether Farm Credit's inclusion of "THIS FILING FILED AS AG LIEN" made its financing statement seriously misleading and, thus, insufficient under Ark. Code Ann. § 4-9-502(a). This is a question of the sufficiency of the description of the collateral. Because the proceeds at issue are solely proceeds from equipment, the Court will limit its analysis to Farm Credit's description of equipment in its financing statement and whatever effect the erroneous statement had on that description.

The purpose of filing a financing statement is to provide notice to third-party creditors of encumbered property. Financing statements in Arkansas are indexed by debtor name. *Id.* 4-9-519(c). The code states that a financing statement sufficiently describes, or "indicates," collateral if it identifies the collateral by, amongst other things, a type of collateral defined in the code itself. *Id.* §§ 4-9-504, 4-9-108(b)(3). "Equipment" is a type of collateral defined in the code. *Id.* 4-9-102(33). "The bottom line to test sufficiency is whether a third-party searcher would be reasonably likely to find the financing statement." *In re Knudson*, 929 F.2d 1280, 1284 (8th Cir. 1991) (alterations and citations omitted). Here, a third-party searcher of any security interests that Success

4

Grain granted would have found Farm Credit's financing statement. Once found, the erroneous inclusion of "THIS FILING FILED AS AG LIEN" would not seriously mislead the third-party searcher as to the collateral it covers.

An "'[a]gricultural lien' means an interest . . . in farm products," Ark. Code Ann. 4-9-102(5), and "'[e]quipment' means goods other than . . . farm products." *Id.* 4-9-102(33). Security interests may cover farm products as well as equipment and other types of collateral recognized under the code. An agricultural lien, however, is defined as covering farm products alone. A financing statement that lists collateral including equipment and farm products by definition cannot be an agricultural lien. The inclusion of "THIS FILING FILED AS AG LIEN" in a financial statement for collateral that explicitly includes equipment creates an ambiguity, but an ambiguous statement is not the same as a seriously misleading one.

Arkansas case law places a burden on third-party searchers to act diligently. For example, in *Womack v. Newman Fixture Co.*, 27 Ark. App. 117, 785 S.W.2d 226 (1990), the Arkansas Court of Appeals quoted a leading treatise describing this responsibility: "Further inquiry beyond the financing statement is contemplated by the Code as 'the financing statement's purpose is to merely alert the third party as to the need for further investigation, never to provide a comprehensive data bank as to the details of prior security arrangements.'" *Id.* at 123-I, 785 S.W. at 231. *Womack* goes on to quote from the treatise that "[i]f the statement gives notice that a third person may have a security interest in the collateral, and the source from which additional information may be obtained, the statement is sufficient." *Id.* at 123-J, 785 S.W. at 231.

Though *Womack* did not deal with an ambiguity of the nature here, it did address an ambiguity. The financing statement in *Womack* described the collateral as "All equipment used in the business known as," but no name was given after the word "as." The court held that a

5

description of collateral is sufficient if it "make[s] possible identification of the thing described," and "will enable third parties, aided by inquiries which the instrument itself suggests, to identify the property." *Id.* at 123-K, 785 S.W. at 232 (quoting *Sec. Tire & Rubber Co. v. Hlass*, 246 Ark. 1113, 1117, 441 S.W.2d 91, 94 (1969), and *United States v. Riceland Foods, Inc.*, 504 F. Supp. 1258, 1262 (E.D. Ark. 1981)). The principle underlying the holding is that financing statements can be sufficient even when they create in the third-party searcher a "'need for investigation' as to the scope of the security interest." *Womack*, 27 Ark. App. at 123-J, 785 S.W.2d at 231.

All of which is to say that the ambiguity in Farm Credit's financing statement did not render it seriously misleading. If Winfield, or United Suppliers at the time, had searched the index for security interests granted by Success Grain, it would have found Farm Credit's financing statement. When reading the financing statement, it would have seen that Farm Credit was claiming an interest in Success Grain's equipment, and it would also have seen that Farm Credit labeled this interest as an agricultural lien. Faced with such a financing statement, the third-party searcher could either inquire further or plow ahead at its own peril. All of the information needed to make a further inquiry was provided. It need only call its customer, Success Grain, or the listed creditor, Farm Credit. As the Fifth Circuit said, "[t]he financing statements here disclosed sufficient information to enable any concerned creditor to contact the bank or claimant. The Code helps only those who help themselves." *In re King-Porter Co.*, 446 F.2d 722, 729 (5th Cir. 1971).

Winfield has also moved for summary judgment on its breach of contract claims against Berry and Lane. Neither Berry nor Lane have responded to Winfield's motion. Moreover, they have admitted in their answer that they "each executed and delivered to United Suppliers a Guaranty under which they absolutely and unconditionally guaranteed full payment all amounts due by Success Grain to United Suppliers" and that "Success Grain failed to pay for certain products that

6

it purchased and received from Winfield and United Suppliers." *See* Document #1 at ¶¶17, 24; Document #8 at ¶¶17, 24. Berry and Lane have also admitted that late charges accrue at a rate of 1.5% per month or 18% per year. Document #1 at ¶14; Document #8 at ¶14. Winfield has submitted invoices and a late charge summary establishing the balance due by Success Grain and guaranteed by Berry and Lane. As of December 1, 2017, Success Grain's debt to Winfield was $378,933.55 for products and $60,142.93 in late charges. Late charges will continue to accrue at $186.87 per day from December 1. Document #24 at ¶¶18-19. Once again, Berry and Lane have not responded to Winfield's motion and accounting set forth therein. Berry and Lane have breached their guarantees of Success Grain's debt.

## CONCLUSION

For the foregoing reasons, Winfield's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #21. Farm Credit's cross motion for summary judgment is GRANTED. Document #27. Farm Credit's security interest in Success Grain's equipment proceeds is superior to Winfield's. Winfield is granted summary judgment on its breach of contract claims against Berry and Lane in the amount of $439,076.48, with late charges of $186.87 per day accruing from December 1, 2017, until payment is made.

IT IS SO ORDERED this 2nd day of April, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE